## CARY v. UNITED STATES.

(District Court, W. D. New York. October 30, 1926.)

Internal revenue ⊜8(1)—Bequest of par value of bonds held not to have lapsed because of maturity and payment of bonds during testator's life, and sum paid by executor is within law prohibiting further tax on sum passing by inheritance within five years after payment of estate tax thereon (Internal Revenue Law, § 403 [a] [2], being Comp. St. § 6336¾d).

Bequest under will of $100,000 par value of bonds of certain company *held* not to have lapsed because of maturity and payment of bonds during life of testator, and amount paid by executor thereunder *held* within Internal Revenue Law, § 403 (a) (2) being Comp. St. § 6336¾d, providing that no further tax is collectable on sum of money on which estate tax has been paid within five years.

At Law. Action by George Cary, administrator of the estate of Allithea Birge Cary,

deceased, against the United States. Judgment on pleadings for plaintiff.

Rann, Vaughan, Brown & Sturtevant, of Buffalo, N. Y. (J. Edmund Kelly and Mark N. Turner, both of Buffalo, N. Y., of counsel), for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y.

HAZEL, District Judge. This is an action to recover $3,927.59 from the United States, an amount alleged to have been erroneously paid by plaintiff as an estate tax. Plaintiff moved for judgment on the pleadings.

The sole question involved is one of law, and is whether plaintiff's intestate received a certain legacy from her father, George K. Birge, by gift, devise, bequest, or inheritance, or whether said legacy had lapsed, and the amount subsequently paid to her after her father's death was a mere gift from the other legatees and heirs.

The testator left a will providing, as far as material, as follows:

"Fourth. I give, and bequeath to my daughter, Allithea Birge Cary, $100,000 par value of the bonds of the Pierce Arrow Motor Car Company."

During his lifetime, however, the bonds matured and were paid to him, and upon his death his executor paid the $100,000 legacy partly in cash and partly in other securities in lieu of the value of the bonds. It is admitted that a tax was paid upon Mrs. Cary's estate, after her death, by the plaintiff, her administrator, which included the amount of $100,000 paid her after the death of her father, and the government concedes that, if the legacy did not lapse, the refund is authorized under Internal Revenue Law, § 403 (a) (2), being Comp. St. § 6336¾d, which substantially declares that, where an estate tax is paid upon a sum of money within five years, and that sum of money passes to another by inheritance, no further tax is collectable.

In my opinion the legacy was not specific, or one that would lapse upon the bonds being sold by the testator in his lifetime. Such a disposition of property, as made by the testator to his daughter, has frequently been held to be a demonstrative or general legacy, and that payment by the executor, after the death of the testator, from funds in his custody, is not a gift by him, or a gift by the legatees and heirs. Nothing appears to indicate an intention by the testator to bequeath the particular bonds of which he was the owner at the time of making the will, and, on sale by him,

that the legatee should take nothing in lieu thereof. Under similar circumstances, the courts have invariably held that the legacy was general, unless the testator's intention to make it specific clearly appears. As said in Tifft v. Porter, 8 N. Y. 516:

"The presumption is stronger that the testator intends some benefit to a legatee, than that he intends a benefit only upon the collateral condition that he shall remain until his death, owner of the property bequeathed. The motives which ordinarily determine men in selecting legatees, are their feelings of regard, and the presumption, of course, is that their feelings continue and they are looked upon as likely to continue."

Other adjudications are cited in plaintiff's brief, containing similar constructions of bequests as made in this instance, and I am of the opinion that plaintiff is entitled to a refund of the estate tax paid by him.

Judgment in favor of plaintiff as demanded in the complaint.